Daniels, J.
This action has been brought for the recovery of damages for the extinguishment of the same bulkhead line, and the right to collect wharfage upon, as the case of King stand against the Mayor, etc., is dependent upon. But in this action no controversy arises as to the right of the plaintiff to maintain it and recover damages. The right so farjias been settled by the decision in Langdon v. Mayor, etc., 28 Hun, 158; affirmed 93 N. Y., 129.
The referee by his report has held the plaintiff entitled to compensation for the extinguishment of the probability that he might have obtained from the commissioners of the dock department the privilege of erecting a platform and placing a shed upoii it, under chapter 249 of the Laws of 1875. The locality was such as would have rendered a platform and shed exceedingly valuable in the way of increasing the wharfage or emoluments collectable for use of the property. But there was not the slightest probability that the plaintiff could ever have obtained any license or authority from the department for the erection of a platform beyond the line of West street, or placing a shed upon it.
In 1871 General George B. McClellan, who was then the engineer-in-chief of the department of docks, reported a plan for the improvement of the river front. That plan was adopted by the board of the department of docks, with the sanction of the sinking fund commissioners as it was provided for by section 6 of chapter 574 of the Laws of 1871. And on May, 1875, and July and December, 1876, and June, 1877, resolutions were adopted directing the performance of the work.
From that there was not the slightest probability therefore, that any license or authority would have been given by the department of docks, if that was provided for by chapter 249 of the Laws of 1875, for these structures in front of so much of the bulkhead on the westerly side of West street as included the plaintiff’s property. At most there was a mere possibility that he might have acquired this privilege or authority. And for that, under the considerations and authorities mentioned in the Kingsland Case, he could have no legal right to ask the city for compensation.
What it was bound to compensate him for, was so much of his property as it had taken in extending the line of solid filling into the Hudson river beyond West street, and thereby extinguishing the possibility of using the bulkhead on West street as a wharf, either in the business of com *768 merce generally, or that which might be carried on by the plaintiff himself. And that was all that the' plaintiff was deprived of in the way of property by the act of the department of docks, and it was the utmost extent for which he could claim compensation from the defendant, unless there may be added to it something by way of remuneration for the depreciated value of other adjacent property.
Awarding compensation to include the value of this license or authority, would be to oblige the city to pay him for what he never received and which neither the city itself nor either of its officers, was obligated to concede. The possibility of obtaining the concession from the city, as it was to be wholly voluntary on the part of the board, was in no sense property vested in the plaintiff, and it was only for property taken or depreciated that he has become entitled to be compensated.
The report of the referee, as far as it has proceeded upon the theory that his right to compensation should be enhanced by the enhanced'value which such license or privilege would give to his property, is therefore, erroneous. And the report should be set aside, and a further reference ordered to ascertain and report the compensation payable to the plaintiff, excluding therefrom, the value of this possible license or privilege.
Beady and Bartlett, JJ., concur.